**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23719-LEIBOWITZ**

**PABLO DANIEL QUINONES FLEITES**,

    *Petitioner,*

*v.*

**GREGORY T. ARCHAMBEAULT,** *et al.,*

    *Respondents.*

_____/

## ORDER TRANSFERRING CASE

**THIS CAUSE** comes before the Court on Respondents' Motion to Transfer Venue (the "Motion") [ECF No. 3], filed on June 1, 2026.  Petitioner Pablo Daniel Quinones Fleites ("Petitioner") filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his immigration detention at the "Alligator Alcatraz" detention facility.  [ECF No. 1 at 1]. In the Motion, Respondents request that this Court transfer the Petition to the Middle District of Florida, where Petitioner was detained when the Petition was filed.  [ECF No. 3 at 2].

It is well-settled that habeas "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement.").

When Petitioner filed the Petition, he was detained at the Florida Soft-Soft Sided Facility South, informally known as "Alligator Alcatraz," an immigration facility in Ochopee, Florida.  [*See* ECF No. 6-1].  Ochopee, Florida, is in the Middle District of Florida.  *See* 28 U.S.C. § 89(b).  Because

Petitioner was detained outside of the Southern District of Florida when he filed the Petition, this Court lacks jurisdiction to adjudicate the Petition.

However, on June 14, 2026, Petitioner was transferred to an immigration detention facility in New Mexico. [ECF No. 6 at 1; *see also* ECF No. 6-1]. Regardless, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441. Because Petitioner filed this Petition while confined in the Middle District of Florida, jurisdiction is proper there. *See Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" (citing *Rumsfeld*, 542 U.S. at 443)).

For the reasons set forth above, the Motion [**ECF No. 3**] is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this action to the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a) (providing that the Fort Myers Division comprises Collier County). The *Clerk* is **DIRECTED** to forward the file to that Court and **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on June 16, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record

2