UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO DANIEL QUINONES
FLEITES,

        Petitioner,

    v.                           Case No.:  2:26-cv-02036-SPC-KRH

WARDEN, KROME NORTH
SERVICE PROCESSING CENTER
*et al.*,

        Respondents,

## <u>OPINION AND ORDER</u>

Before the Court are Pablo Daniel Quinones Fleites's Amended Petition for Writ of Habeas Corpus (Doc. 18) and the government's response (Doc. 21).

Quinones Fleites is a native and citizen of Cuba who lawfully entered the United States on December 9, 2024, under the CBP One program. The government commenced removal proceedings by issuing a notice to appear and paroled Quinones Fleites into the country. On January 20, 2025, the government terminated his parole with an executive order that directed the mass revocation of CBP One paroles. Quinones Fleites has a pending application for adjustment of status and no criminal history whatsoever.

On April 7, 2026, a Border Patrol agent arrested Quinones Fleites because of his immigration status and handed him over the Immigration and

Customs Enforcement ("ICE").  He has remained in ICE custody since then, and he was detained at Alligator Alcatraz when he first filed this action.  On May 18, 2026, Immigration Judge Liviu Lungu denied Quinones Fleites's request for release on bond with the following explanation: "No Jurisdiction – Arriving Alien. See 8 C.F.R. § 1003.19(h)(2)(i)(B)."  (Doc. 19-1).

Quinones Fleites claims his detention without process violates the Immigration and Nationality Act ("INA") and the Fifth Amendment.  In response, the government argues Quinones Fleites is subject to mandatory detention under 8 U.S.C. § 1225(b), while acknowledging its position violates the binding precedence announced in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026).  In *Hernandez Alvarez*, the Eleventh Circuit held that § 1225(b) applies to noncitizens seeking entry at the border, and noncitizens apprehended in the country's interior are subject to discretionary detention under § 1226(a).  Thus, detaining Quinones Fleites under § 1225(b) violates the INA.

The government does not respond to Quinones Fleites's Fifth Amendment claim.  The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well

established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Immigration detention generally has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* (cleaned up).

The government's response does not identify any justification for Quinones Fleites's detention. The undisputed evidence shows that he has diligently sought legal status in this country by entering lawfully and applying for adjustment of status. The evidence likewise demonstrates that Quinones Fleites is not a danger to the community. He has no criminal record whatsoever.

In sum, Quinones Fleites made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Pablo Daniel Quinones Fleites's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)      Within **24 hours** of this Opinion and Order, the respondents shall release Quinones Fleites from custody and facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)      The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record